UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**ABBEY MARIE JOHNSON**
   Plaintiff,

Vs.        Civil Action No: 2:08-CV-157

**ANDALUSIA POLICE DEPARTMENT;**
and **CAPT. RUSTY PATTERSON,**
Andalusia Police Department; and
**OFFICER DARREN RAINES;**   **DEMAND FOR TRIAL**
Andalusia Police Department; and  **BY JURY**
**OFFICER STEVEN MCGOWIN,**
Andalusia Police Department;
   Defendants
_____/

## COMPLAINT

Plaintiff, Abbey Marie Johnson, by and through her undersigned counsel, sues Defendants, Andalusia Police Department and Captain Rusty Patterson, Officer Darren Raines and Officer Steven McGowin, all of whom are employed by the Andalusia Police Department, in both their individual and official capacities, and alleges as follows:

## PARTIES

1. This is a civil action seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States and the State of Florida; for conducting an unconstitutional roadblock that

1

resulted in the Plaintiff being seized and arrested without probable cause, for being interviewed while in custody without an advisement of constitutional rights, for conspiring for the purpose of impeding and hindering the due course of justice, with the intent to deny Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials as they relate to Plaintiff. The court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

2. The court also has jurisdiction under 28 U.S.C. § 1331.

3. All of the events giving rise to this cause of action occurred in Andalusia, Covington County, Alabama.

4. This is an action in which the Plaintiff seeks damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees.

5. Attorney's fees and costs in all civil rights claims are authorized in accordance with 42 U.S.C. § 1988.

6. The Plaintiff is Abbey Marie Johnson (hereinafter "Plaintiff") who is a resident and citizen of Covington County, Alabama and of the United States of America.

7. Defendant, Andalusia Police Department (hereinafter "Department") is a municipal police department that is funded by the

City of Andalusia, Alabama which is a municipal corporation formed and operated under the laws of the State of Alabama.

8. Defendant, Captain Rusty Patterson (hereinafter "Patterson") is a sworn police officer with the City of Andalusia, Alabama Police Department and is empowered by the Andalusia Police Department to make arrests for violations of state and municipal statutes and ordinances. In addition, Patterson is further empowered and required to supervise, control and direct other police officers who work for him or are under his chain of command while he is on duty.

9. Defendant, Darren Raines (hereinafter "Raines") is a sworn police officer with the City of Andalusia, Alabama Police Department and is empowered by the Andalusia Police Department to make arrests for violations of state and municipal statutes and ordinances.

10. Defendant, Steven McGowin (hereinafter "McGowin") is a sworn police officer with the City of Andalusia, Alabama Police Department and is empowered by the Andalusia Police Department to make arrests for violations of state and municipal statutes and ordinances.

11. Plaintiff sues each of the Defendants listed in paragraphs eight through ten (8 - 10) in both their individual and official capacities.

12. At all times material to this Complaint, all of the Defendants acted under color of the statutes, customs, policies, and usage of the State of Alabama and the Andalusia Police Department.

## FACTS

13. On August 26th, 2006, the Department by and through the Defendants, Patterson, Raines and McGowin conducted a series of roadblocks to check drivers licenses. The roadblock was conducted at night and involved a number of officers from the Department.

14. On August 26th, 2006, the Department by and through the Defendants, Patterson, Raines and McGowin and other officers yet to be identified, set up a roadblock in the area of River Falls Street located in Andalusia, Alabama. The roadblock was set up and operated after 10:00 PM which was during a period of darkness.

15. The Department on August 26th, 2006 did not have a written policy or procedure for conducting roadblocks to insure compliance with constitutional guarantees announced by the United States Supreme Court.

16. Patterson was the officer in charge on the night of August 26th, 2006. Raines and McGowin were on duty that evening and were working under the supervision, direction and control of Patterson.

17. Patterson on August 26th, 2006 did not formulate a written plan for conducting the roadblocks that occurred in Andalusia, Alabama on that date. The only control that Patterson exercised over the officers involved in the roadblock operation was to have a brief verbal discussion with the officers involved in the roadblocks prior to their participation in the roadblocks. Patterson instructed the participating officers to write citations for violations but did not provide any other guidance, control or supervision.

18. Patterson did not formulate or provide instructions pursuant to a written plan that embodied explicit, neutral limitations on the conduct of the participating officers on how to exercise their discretion on who to stop, safety measures in conducting the roadblocks, site selection for the roadblocks, notice to the public both as to intent to conduct a roadblock or to inform drivers approaching the roadblock of the type of police activity in progress.

19. On August 26th, 2006 at approximately 10:00 PM, the Plaintiff approached the area of River Falls Street in Andalusia, Alabama on her way home. The Plaintiff had just left a parking lot where she had been visiting with her boyfriend and her best friend.

20. The Plaintiff on August 26th, 2006 was seventeen (17) years of age, petite in height and stature, and had no prior problems with law enforcement.

21. As the Plaintiff approached this area in which the Defendants had set up a roadblock, she observed blue lights that were flashing. The Plaintiff did not observe any flares, traffic cones, or signs alerting approaching motorists that there was a drivers license checkpoint being conducted.

22. The Plaintiff, believing that an automobile accident was being investigated by law enforcement, pulled into a parking lot and turned around to take another route to her home.

23. The Plaintiff did not observe any police officers giving directions at the roadblock or directing her to stop as she left the area of the roadblock.

24. At the time the Plaintiff turned around to take another route home, the windows of her vehicle were up, the air conditioning was on, and her radio was playing music.

25. As the Plaintiff left the area of the roadblock, she maintained a lawful speed and was operating her vehicle in a lawful and prudent manner.

26. Raines who was working at the roadblock observed the Plaintiff turn around and drive away from the roadblock.

27. Raines then announced on his police issued radio to the other officers at the roadblock that a "runner" was avoiding the roadblock. The term "runner" is police jargon for a person attempting to avoid contact with law enforcement.

28. At that point, McGowin and other officers raced to their vehicles and initiated a high speed pursuit to apprehend the Plaintiff.

29. The Plaintiff, unaware of the police pursuit began to pass the same parking lot she had originally left and recognized that her boyfriend and her best friend were still present. The Plaintiff pulled into the parking lot to see why they were still there.

30. Seconds after the Plaintiff arrived at the parking lot, police cars with blue lights on and sirens in operation arrived at the parking lot. At this point the Plaintiff had just disembarked from her vehicle.

31. McGowin, upon arriving at the parking lot where the Plaintiff was located, began screaming at the Plaintiff and ran directly at the Plaintiff. McGowin, upon reaching the Plaintiff, grabbed her by the neck and threw her against her vehicle, handcuffed her and told her that she was under arrest.

32. McGowin did not have probable cause to arrest or detain the Plaintiff at the time he seized her and arrested her.

33. During the time that McGowin was throwing the Plaintiff against her vehicle, the camera in McGowin's police vehicle was recording the events. In addition, there was a videographer from a media company present and recording the incident.

34. The Plaintiff was terrified, crying, and begging McGowin to tell her why she was being arrested. McGowin refused to answer the Plaintiff and began asking questions of her as to why she had fled and avoided the roadblock. McGowin did not advise the Plaintiff of her constitutional right to remain silent after he arrested her.

35. As McGowin was arresting the Plaintiff, Patterson and Raines arrived at the parking lot. Patterson and Raines both allowed the Plaintiff to continue in custody and did not intervene to protect the Plaintiff from McGowin.

36. McGowin then forcibly led the Plaintiff over to a police vehicle and told her to stay there. The Plaintiff was still in handcuffs.

37. McGowin without any supporting facts of impairment or probable cause then forced and required the Plaintiff to take a breath test. The results of the test demonstrated that the Plaintiff had not ingested alcohol that night.

38. Patterson, McGowin, and Raines then conferred while the Plaintiff was in custody and made a decision to release the Plaintiff on a citation.

39. Raines asserted to the Plaintiff that he had directed the Plaintiff to stop as she was turning around at the roadblock to go home another way and that she had refused to obey his command. The Plaintiff denied that such a communication had been made or received by the Plaintiff.

40. After several minutes, the handcuffs were taken off the Plaintiff and she was issued a citation for failure to comply with the lawful order of a police officer, Alabama Statute 32-5A-4.

41. The Plaintiff pled "not guilty" and went to trial on the charge asserted by Raines on November 6th, 2006 before the Municipal Judge of the City of Andalusia, Alabama.

42. On November 14th, 2006, the Municipal Judge of the City of Andalusia, Alabama entered an order finding the Plaintiff "not guilty" of the charge for which she had been arrested by McGowin and Raines on August 26th, 2006.

## COUNT I
(Civil Rights – Police Department)

43. The Plaintiff incorporates paragraphs thirteen through forty-two (13-42) above.

44. The Andalusia Police Department did not have written policies or procedures that complied with United States Supreme Court precedent and guidelines on the conduct and operation of checkpoints or roadblocks.

45. The Andalusia Police Department did not provide training to its supervisors and officers on the conduct and operation of checkpoints and roadblocks that would comply with United States

Supreme Court precedent and prevent violations of the Plaintiff's constitutional rights.

46. The Andalusia Police Department knew or should have known that the failure to have policies and procedures in place on the conduct and operation of checkpoints and roadblocks that would meet the constitutional requirements of the Constitution of the United States of America would result in a violation of the Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America.

47. The Andalusia Police Department did not train or supervise its supervisors and officers on the conduct and operation of checkpoints and roadblocks and knew or should have known that the failure to do so would result in a violation of the Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America.

48. The failures and deficiencies described in paragraph forty-four through forty-seven (44-47) represent and constitute an official policy or custom of the Andalusia Police Department that the department knew or should have known would result in a violation of the Plaintiff's constitutional rights under the Fourth, Fifth, and

Fourteenth Amendments to the Constitution of the United States of America.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Andalusia Police Department for compensatory damages together with interest plus attorney's fees and costs of this action and such other relief as the court deems just and equitable.

## COUNT II
(Civil Rights – McGowin)

49. The Plaintiff incorporates paragraphs thirteen through forty-two (13-42) above.

50. Defendant, Steven McGowin (hereinafter "McGowin") is a sworn police officer with the City of Andalusia, Alabama Police Department and is empowered by the Andalusia Police Department to make arrests for violations of state and municipal statutes and ordinances.

51. McGowin knew or should have known that the drivers license checkpoint or roadblock that was being conducted on August 26th, 2006 and in which he was participating was constitutionally infirm.

52. McGowin did not have probable cause to seize or arrest the Plaintiff on August 26th, 2006 in violation of the Plaintiff's

constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

53. McGowin used excessive force in arresting the Plaintiff on August 26th, 2006 in violation of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

54. McGowin forced the Plaintiff to respond to his questioning and required the Plaintiff to take a breath test without advising the Plaintiff of her constitutional rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

55. McGowin continued to hold the Plaintiff against her will without probable cause in violation of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

**WHEREFORE**, Plaintiff demands judgment against the Defendant McGowin for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against McGowin for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

## COUNT III
(Civil Rights – Patterson)

56. The Plaintiff incorporates paragraphs thirteen through forty-two (13-42) above.

57. Defendant, Captain Rusty Patterson (hereinafter "Patterson") is a sworn police officer with the City of Andalusia, Alabama Police Department and is empowered by the Andalusia Police Department to make arrests for violations of state and municipal statutes and ordinances. In addition, Patterson is further empowered and required to supervise, control and direct other police officers who work for him or are under his chain of command while he is on duty.

58. Patterson knew or should have known that the drivers license checkpoint or roadblock that was being conducted on August 26th, 2006 and in which he was participating was constitutionally infirm.

59. McGowin was working under the direction and control of Patterson on August 26th, 2006 while a drivers license checkpoint was being conducted within the jurisdiction of the Andalusia Police Department.

60. Patterson failed to supervise McGowin and that failure resulted in the seizure, arrest, and interview of the Plaintiff without probable cause on August 26th, 2006 in violation of the Plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

61. Patterson failed to intervene and protect the Plaintiff from McGowin as he was arresting and seizing the Plaintiff without probable cause on August 26th, 2006 in violation of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

62. Patterson failed to intervene and protect the Plaintiff from McGowin as he was using excessive force against and upon the Plaintiff without probable cause on August 26th, 2006 in violation of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

63. Patterson failed to intervene and protect the Plaintiff from McGowin as he forced the Plaintiff to respond to his questioning and required the Plaintiff to take a breath test without advising the Plaintiff of her constitutional rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

64. Patterson knew or should have known that the failure to supervise McGowin and to intervene to protect the Plaintiff from McGowin would result in violation of the Plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Patterson for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Patterson for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

**COUNT IV**
(Civil Rights – Raines)

65. The Plaintiff incorporates paragraphs thirteen through forty-two (13-42) above.

66. Defendant, Darren Raines (hereinafter "Raines") is a sworn police officer with the City of Andalusia, Alabama Police Department and is empowered by the Andalusia Police Department to make arrests for violations of state and municipal statutes and ordinances.

67. Raines knew or should have known that the drivers license checkpoint or roadblock that was being conducted on August 26th, 2006 and in which he was participating was constitutionally infirm.

68. Raines knew or should have known that, when by action and words, he directed officers of the Andalusia Police Department including McGowin to apprehend the Plaintiff such a seizure was without probable cause and a violation of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

69. Raines failed to intervene and protect the Plaintiff from McGowin as he was arresting and seizing the Plaintiff without probable cause on August 26th, 2006 in violation of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

70. Raines failed to intervene and protect the Plaintiff from McGowin as he was using excessive force against and upon the Plaintiff without probable cause on August 26th, 2006 in violation of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

71.  Raines failed to intervene and protect the Plaintiff from McGowin as he forced the Plaintiff to respond to his questioning and required the Plaintiff to take a breath test without advising the Plaintiff of her constitutional rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

72.  Raines knew or should have known that the failure to intervene and protect the Plaintiff from McGowin would result in violation of the Plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Raines for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Raines for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands Trial by Jury on all issues deemed so triable.

## SUBSEQUENT AMENDMENT

The Plaintiff moves this Honorable court to allow amendment of this complaint to add additional Defendants and counts as discovery is accomplished.

Done this 29 day of February, 2008.

JAMES R. MURRAY, P.A.

_____
James R. Murray, Esq.
Florida Bar No: 0299162
420 E. Pine Avenue
Crestview, FL 32536
(850) 682-6165
FAX (850) 682-8343

_____
Eric D. Stevenson
Whibbs, Rayboun & Stone
105 E. Gregory Square
Pensacola, FL 32502
850 434-5395
Fla. Bar No: 144495
Attorneys for the Plaintiffs

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004186
Cashier ID: brobinso
Transaction Date: 03/06/2008
Payer Name: WHIBBS RAYBOUN AND STONE PA
------------------------------------
CIVIL FILING FEE
  For: ABBEY MARIE JOHNSON
  Case/Party: D-ALM-2-08-CV-000157-001
  Amount:       $350.00
PRO HAC VICE
  For: JULIA MURRAY
  Case/Party: D-ALM-A-TT-YF-EEFUND-001
  Amount:       $50.00
PRO HAC VICE
  For: JAMES MURRAY
  Case/Party: D-ALM-A-TT-YF-EEFUND-001
  Amount:       $50.00
PRO HAC VICE
  For: ERIC STEVENSON
  Case/Party: D-ALM-A-TT-YF-EEFUND-001
  Amount:       $50.00
------------------------------------
CHECK
  Check/Money Order Num: 13935
  Amt Tendered: $500.00
------------------------------------
Total Due:      $500.00
Total Tendered: $500.00
Change Amt:     $0.00

JOHNSON V. ANDALUSIA POLICE DEPT
```