IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABBEY MARIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:08-cv-157-MHT |
| | ) |
| ANDALUSIA POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION TO STAY DISCOVERY**

Defendants Captain Rusty Patterson, Officer Steve McGowin, and Officer Darren Raines move to stay discovery the pending resolution of their motion to dismiss invoking qualified immunity. (Doc. 12.) In support of this motion, the defendants state as follows:

On May 2, 2008, the defendants jointly filed a motion to dismiss, which raises the defense of qualified immunity. (Doc. 12.) The motion plainly states, "Capt. Patterson, Officer McGowin, and Officer Raines assert the defense of qualified immunity against all claims." (Doc. 12 at 1.)

The defendants believe their motion and its supporting memorandum demonstrate their clear entitlement to qualified immunity based on settled Supreme Court and Eleventh Circuit precedent. See Chavez v. Martinez, 538 U.S. 760, 772 (2003) (holding failure to read Miranda warning will not support § 1983 claim); County of Sacramento v. Lewis, 523 U.S. 833, 845 n.7 (1998) (holding, "Attempted seizures of a person are beyond the scope of the Fourth Amendment."); Schmerber v. California, 384 U.S. 757, 761 (1966) (holding

1

blood alcohol evidence does not implicate Fifth Amendment privilege against self-incrimination); Jones v. City of Dothan, 121 F.3d 1456, 1458 (11th Cir. 1997) (holding officers entitled to qualified immunity for use of *de minimis* force during Terry stop).

"Qualified immunity is an immunity from suit rather than a mere defense from liability." McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007). "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001).

If the defendants are entitled to qualified immunity, they have a right not to expend time and resources participating in the discovery process. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The Supreme Court has explained that, "One of the purposes of the Harlow qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.' For this reason, we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation." Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 817 (1982)).

Based on the foregoing, the defendants move to stay discovery pending a determination of their motion to dismiss invoking qualified immunity.

**s/ James H. Pike**
James H. Pike  (PIK003)
Attorney for Defendants
Captain Rusty Patterson, Officer Steve McGowin, and Officer Darren Raines

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

**CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on June 13, 2008, I electronically served this document upon:

James R. Murray
Julia O. Murray
JAMES R. MURRAY, P.A.
420 East Pine Avenue
Crestview, Florida 32536

Eric D. Stevenson
WHIBBS & STONE
105 East Gregory Square
Pensacola, Florida 32502

**s/ James H. Pike**
James H. Pike

3