UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**ABBEY MARIE JOHNSON**
        Plaintiff,

Vs.                          Civil Action No: 2:08-cv-157

**ANDALUSIA POLICE DEPARTMENT**;
and **CAPT. RUSTY PATTERSON**,
Andalusia Police Department; and
**OFFICER DARREN RAINES**;
Andalusia Police Department; and
**OFFICER STEVEN MCGOWIN**,
Andalusia Police Department;
        Defendants
_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Comes now the Plaintiff by and through the undersigned Counsel, and files this Memorandum in Opposition to the Defendants' Motion to Stay Discovery that was filed with the Court on June 13th, 2008.

The Defendants' referenced several cases in their motion to support their request that the Court enter an order staying discovery pending resolution of their Motion to Dismiss on the grounds of qualified immunity.

1

Each of the cases cited by the Defendants is factually dissimilar from the factual grounds alleged and asserted in the Plaintiff's complaint.

The Plaintiff's complaint alleges that the Defendants' established and operated an unconstitutional roadblock that resulted in the Plaintiff being forcibly seized, arrested, handcuffed and subjected to interrogation in the parking lot of a shopping center without probable cause.

The Plaintiff's complaint states a claim of "clearly established law" and thus on the face of the complaint, which must be taken as true for the purposes of the Defendants' motion, qualified immunity is not a bar to the commencement of discovery, *see*, *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

The United States Supreme Court in *Michigan Dept. of State Police v. Sitz*, 110 S.Ct. 2481 (1990) dealt with the constitutional requirements for conducting a roadblock that was intended to deal with highway safety concerns and specifically emphasized that "guidelines governing checkpoint operation minimize discretion of the officers on the scene".

The Plaintiff's complaint outlines that the roadblock being conducted by the Defendants was conducted at night without traffic cones, warning signs or a written operational plan.

*Sitz, id.* clearly holds that for such a roadblock to be reasonable under the Fourth Amendment there must be a neutral and objective written plan that eliminates discretion on the part of the participating officers on who will be stopped. In addition, the decision requires that approaching motorists be warned and aware of a roadblock to avoid what occurred in the Plaintiff's case and asserted in her complaint. The Fourth Amendment requirement of a neutral and objective written plan has been in existence for over fifteen (15) years, thus the law has been clearly established and the Defendants' were required to comply with the *Sitz, id*. requirements.

The allegations and facts contained within the Plaintiff's complaint and the constitutional violations that she asserts are precisely the reason why the United States Supreme Court in *Sitz, id*. incorporated the limitations on police roadblocks into the Fourth Amendment.

Because the allegations in the Plaintiff's complaint state a claim of violation of "clearly established law," the Defendants' Motion to Stay Discovery should be denied, *Mitchell, supra*.

The factual underpinnings of this case are not complex and discovery will facilitate an early resolution of the Plaintiff's case.

Wherefore the Plaintiff moves this Honorable Court to deny the Defendants' Motion to Stay Discovery and direct that the case proceed according to the rules of civil procedure.

Done this 13th day of June, 2008 in Crestview, Okaloosa County, Florida.

JAMES R. MURRAY, P.A.

/s/ James R. Murray
James R. Murray, Esq.
Co-Counsel for Plaintiff
Florida Bar No: 0299162
420 E. Pine Avenue
Crestview, FL 32536
(850) 682-6165; FAX 682-8343

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 13th, 2008, I electronically filed this document by using the CM/ECF system, which will send a notice of electronic filing to all Counsel of record in this cause of action.

                                         ____/s/James R. Murray____
                                             James R. Murray