IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABBEY MARIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:08-cv-157-MHT |
| | ) |
| ANDALUSIA POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STAY DISCOVERY**

Defendants Captain Rusty Patterson, Officer Steve McGowin, and Officer Darren Raines reply to the plaintiff's response to their Motion to Stay Discovery as follows.

I. **ARGUMENT**

**A. The plaintiff's arguments about the merits are erroneous and irrelevant.**

In her latest submission, the plaintiff ignores the central issue in the pending motion to dismiss: Whether an *unsuccessful* attempted seizure at a roadblock implicates the Fourth Amendment?

The Supreme Court has three opinions on point: Brendlin v. California, 127 S. Ct. 2400, 2405 (2007) ("there is no seizure without actual submission"); County of Sacramento v. Lewis, 523 U.S. 833, 845 n.7 (1998) ("Attempted seizures of a person are beyond the scope of the Fourth Amendment"); and California v. Hodari D., 499 U.S. 621, 626 (1991) ("The narrow question before us is whether, with respect to a show of authority as with respect to application

1

of physical force, a seizure occurs even though the suspect does not yield. We hold that it does not.").

According to the complaint, the plaintiff was not seized at the roadblock. In Paragraph 22, the complaint states the plaintiff "turned around to take another route to her home." In Paragraph 23, it states she, "left the area of the roadblock." In Paragraph 25, it repeats she, "left the area of the roadblock." In Paragraph 29, it states she "began to pass the same parking lot she had originally left" and "pulled into the parking lot." In other words, the complaint alleges the plaintiff was seized back where her trip began.

The plaintiff would have this Court accept her legal conclusions at face value, without regard to the facts she pled. That would be improper.

"More than mere conclusory notice pleading is required." Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984). "Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, 268 F.3d 1014, 1036 n.17 (11th Cir. 2001).

The focus is on the facts. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In any event, the likelihood of success on the merits is not a relevant factor for the determination of a motion to stay discovery. According to the Supreme Court, "if the defendant does plead the immunity defense, the district

2

court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598-600 (1998). "Until this threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The plaintiff has not articulated any reason why this Court should disregard Supreme Court precedent.

**B.  The plaintiff continues to make legal arguments without supporting authority.**

The plaintiff's argument about the manner in which the roadblock was allegedly conducted is irrelevant, because the complaint alleges the plaintiff was seized only after she "left the area." (Compl. at 6-7, ¶¶ 23 and 25.)

However, the defendants will comment on something unsettling about the plaintiff's argument. In her response to the defendants' motion to dismiss, the plaintiff previously asserted that Michigan Department of State Police v. Sitz, 496 U.S. 44 (1990), established a requirement for a **written** plan in order for a roadblock to pass constitutional muster. (See Doc. 16 at 7 and 10.)

In their reply, the defendants wrote that they had reviewed Sitz, as well as Brown v. Texas, 443 U.S. 47 (1979), Delaware v. Prouse, 440 U.S. 648 (1979), United States v. Martinez-Fuerte, 428 U.S. 543 (1976), and Ex parte Jackson, 886 So. 2d 155 (Ala. 2004), and found no such requirement.

In her latest submission, the plaintiff repeated the same unsubstantiated assertions, without any pinpoint citation or quotation to back them up. On Page 3, the plaintiff wrote, "*Sitz, id.* **clearly holds** that for such a roadblock to be reasonable under the Fourth Amendment there must be a neutral and

3

objective **written plan** that eliminates discretion on the part of the participating officers on who will be stopped." (Emphasis added.)

Again on Page 3, the plaintiff wrote, "The Fourth Amendment **requirement** of a neutral and objective **written plan** has been **in existence for over fifteen (15) years**, thus the law has been clearly established and the Defendants' [sic] were required to comply with the *Sitz, id.* requirements." (Emphasis added.)

The defendants once again specifically dispute these unsubstantiated assertions. Since their last submission, the defendants have located an Alabama opinion on point. In Stone v. State, the Alabama Court of Criminal Appeals upheld the constitutionality of a roadblock despite the absence of a written plan:

> Although there were no written guidelines in place at the time of the appellant's seizure, the methods used by the troopers clearly limited their discretion. From the time the roadblock was established until it ended, all approaching vehicles were checked in the same manner, in accordance with the troopers' training and appropriate safety precautions. No random inspections were made. Based on the record, the trial court properly determined that the roadblock in this case was reasonable.

705 So. 2d 1316, 1318 (Ala. Crim. App. 1996).

According to the Supreme Court, "If judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." Wilson v. Layne, 526 U.S. 603, 618 (1999).

The defendants urge the Court to disregard the plaintiff's assertions about whether the plan must be committed to writing unless and until the

4

plaintiff cites the specific page number and quotes the exact language in Sitz that supports her claim.

## II. CONCLUSION

The defendants invoked qualified immunity in their motion to dismiss. Under Supreme Court precedent, the immunity question should be resolved before discovery is allowed. Therefore, the defendants respectfully move the Court to stay discovery pending a determination of their entitlement to immunity.

s/ James H. Pike
James H. Pike  (PIK003)
Attorney for Defendants
Captain Rusty Patterson, Officer Steve McGowin, and Officer Darren Raines

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

**CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on July 3, 2008, I electronically served this document upon:

James R. Murray
Julia O. Murray
JAMES R. MURRAY, P.A.
420 East Pine Avenue
Crestview, Florida 32536

Eric D. Stevenson
WHIBBS & STONE
105 East Gregory Square
Pensacola, Florida 32502

**s/ James H. Pike**
James H. Pike