IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABBEY MARIE JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:08-cv-157-MHT |
| | ) |
| ANDALUSIA POLICE DEPARTMENT, et al., | ) |
| | ) |
|     Defendants. | ) |

## OBJECTION AND MOTION FOR PROTECTIVE ORDER

Defendants Captain Rusty Patterson, Officer Steve McGowin, and Officer Darren Raines object to the plaintiff's Interrogatories, Requests for Production, and Requests for Admission dated July 30, 2008, and move for a protective order forbidding those discovery requests. In support of this motion, the defendants state as follows.

1. This is a § 1983 lawsuit arising from a traffic stop that occurred in Andalusia, Alabama, on August 26, 2006. The plaintiff filed suit on March 6, 2008. (Doc. 1.)

2. These defendants filed a motion to dismiss on May 2, 2008. (Doc. 12.) In their motion, these defendants specifically asserted the qualified immunity defense against all claims. (Id.)

3. On June 13, 2008, these defendants filed a Motion to Stay Discovery pending the Court's ruling on their Motion to Dismiss. (Doc. 19.)

4. The Motion to Stay Discovery was based on the Supreme Court's mandate that, "if the defendant does plead the immunity defense, the district

1

court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998).

5. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

6. Despite the pending Motion to Stay Discovery, the plaintiff served interrogatories, requests for production of documents, and requests for admissions on these defendants. Copies are attached as Exhibit A.

7. Because of the pending Motion to Stay Discovery, the parties have not held a discovery conference under Rule 26(f) of the Federal Rules of Civil Procedure.

8. Under these circumstances, Rule 26(d) prohibits a party from seeking discovery: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

9. There has been no stipulation or court order authorizing the commencement of discovery.

10. In Floyd v. Southeast Cherokee Construction, Inc., this Court confirmed that, "Federal Rule of Civil Procedure 26(d) provides that a party cannot seek discovery from any source before the parties have met and conferred as required by Federal Rule of Civil Procedure 26(f)." No. 2:07-cv-

577-MEF, 2008 WL 2782737, at *1, (M.D. Ala. July 1, 2008) (Fuller, C.J.); <u>see also</u> <u>Pippin v. Playboy Entertainment Group, Inc.</u>, No. 802cv2329T17EAJ, 2006 WL 213851, at *2 n.6 (M.D. Fla. Jan. 27, 2006) ("federal discovery rules prohibit formal discovery requests until the parties have attended a Rule 26(f) scheduling conference").

11. Defense counsel conferred with plaintiff's counsel via both e-mail and telephone before filing this motion.

12. Because a Motion to Dismiss based on qualified immunity and a Motion to Stay Discovery are pending before the Court, and because the parties have not held a Rule 26(f) discovery conference, the plaintiff's discovery requests are improper.

WHEREFORE, defendants Captain Rusty Patterson, Officer Steve McGowin, and Officer Darren Raines object to the discovery requests and move for a protective order forbidding them.

                          **s/ James H. Pike**
                          James H. Pike  (PIK003)
                          Attorney for Defendants
                          Captain Rusty Patterson, Officer Steve McGowin, and Officer Darren Raines

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

**CERTIFICATION OF COUNSEL**

I, James H. Pike, hereby certify that on August 4, 2008, I conferred in good faith with James R. Murray, who is the attorney for plaintiff Abbey Marie Johnson, via telephone in an effort to resolve this dispute without court action. Mr. Murray and I also exchanged e-mails setting out our respective positions last week.

**s/ James H. Pike**
James H. Pike

**CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on August 4, 2008, I electronically served this document upon:

James R. Murray
Julia O. Murray
JAMES R. MURRAY, P.A.
420 East Pine Avenue
Crestview, Florida 32536

Eric D. Stevenson
WHIBBS & STONE
105 East Gregory Square
Pensacola, Florida 32502

**s/ James H. Pike**
James H. Pike

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**ABBEY MARIE JOHNSON**
    Plaintiff,

Vs.          Civil Action No: 2:08-cv-157

**ANDALUSIA POLICE DEPARTMENT;**
and **CAPT. RUSTY PATTERSON**,
Andalusia Police Department; and
**OFFICER DARREN RAINES**;
Andalusia Police Department; and
**OFFICER STEVEN MCGOWIN**,
Andalusia Police Department;
    Defendants
_____/

TO: Capt. Rusty Patterson, Officer Darren Raines and Officer Steven McGowin
 % James Pike

Plaintiff, propounds the following Interrogatories, Requests for Production and Requests for Admission, pursuant to Fed.R.Civ.Proc. 33, 34, and 36.

I.

Your written responses and/or objections to the Requests for Production of Documents, if any, shall be served on the opposing attorney within the time prescribed by the Rules **but not more than thirty (30) days.**

You are requested to attach copies of all items that are subject to this Request for Production of Documents to your written responses to these Requests for Production or make such items available for inspection and copying in your offices or your attorney's office at the expiration of the time permitted by the Rules.

If you contend that you may partially or entirely withhold a requested document because of a rule, privilege, immunity, or other reason, for each document partially or entirely withheld provide the following information: identify the document; identify each person to whom any part of the contents of the documents has been communicated; and state the factual basis on which you claim the privilege or immunity.

1

## REQUEST FOR SUPPLEMENTATION

These discovery Requests are continuing. In the event that any information or material comes to your attention, possession, custody or control or the attention, possession, custody or control of your associates or your attorneys subsequent to the filing of your response, which material or information is responsive to any Interrogatory or Request for Production, you are required to furnish said additional information or material to the opposing attorney immediately.

## DEFINITIONS

1. "Identify" or "name" means the complete identity, to the extent known or ascertainable by, you, your associates or your attorneys and includes, without limitation, a request for the following information:
    a. Where the term to be identified is a person, the person's full name, present or last known address and telephone number and present or last known employer;
    b. Where the term to be identified is a document, its character or title and the author or signatory;
    c. Where the item to be identified is a statement, the exact language or nature of the statement, the person who made the statement and the person to whom the statement was made; and
    d. Where the information to be identified is a lawsuit, the name of the lawsuit and the city, state and court where it was filed.

2. As used herein, the term "documents" is used in the broadest sense of that term and includes the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of: computer data (as defined below), letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, sales slips, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, certifications, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, inserts, circulars, charge account statements, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, printed or graphic representations, publications, purchase orders, P.O.s, graphic representations, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms, (whether of visits, telephone calls, or otherwise) indices, e-mails, computer transmissions, electronic data, computer backup, computer storage, agreements, canceled checks, correspondence, memos, telephone message slips, sketches, notes of conversations, and all other

2

written, printed, typed or other reported matter (including electronic or magnetic recordings), photographs, or other data compilations from which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants or employees.

3. "Opposing Attorney" shall mean James R. Murray, Esq., 420 E. Pine Avenue, Crestview, FL 32536 or Eric D. Stevenson, Esq., 105 E. Gregory Sq., Pensacola, FL 32502.

4. As used herein "or" and "and" shall mean and/or.

5. As used herein, the singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the Request for Information.

6. "Photographs" means all films, negatives, slides, photos, polaroids, movie pictures, video tapes, movies and pictures whether developed or not.

7. "Your associates" shall mean your employees, agents, servants, borrowed servants, partners, representatives, independent contractors hired by you, subsidiaries, affiliates, principals, assigns, privies, directors, and officers.

8. "Your attorneys" shall mean the attorneys hired to represent you in or consult with you about this lawsuit or the facts giving rise to this lawsuit.

9. The term "contractual indemnity agreement" shall mean any contract or agreement whereby any person or entity may be liable to pay any sum of money based upon the happenings of a particular event or contingency or upon the occurrence of a loss, judgment, peril, or risk.

10. "Defendants" shall mean all of the defendants that have been sued in this lawsuit.

11. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

12. The "incident" shall mean the incidents and activity described in the Plaintiffs' complaint.

13. "Propounding Party(ies)" and "Plaintiff" shall mean Carl or Sharon Gilbert.

14. "Through the time of trial" shall mean from the number of years specified prior to the date this discovery was propounded through the time the parties in this lawsuit began conducting voir dire.

15. "Person" or "persons" mean(s) not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint venturers, corporations, natural persons, or any government or governmental entity, commission or agency and any divisions or departments or other units of any of the entities defined herein.

16. "Governmental entity" shall mean any governmental organization including, but not limited to, any international, federal, state, regional, county, parish, city (whether incorporated, unincorporated or home rule), elective body, appointed body, legislative body, board, commission, agency, department, division, subdivision, and any other department or division of any of the previously listed entities.

17. "The Rules" shall mean the **Federal** Rules of Civil Procedure.

18. "Computer data" shall mean any documents, information or data ever placed into or stored on any of your computers including, but not limited to, the hard drive, lap tops, disks, storage systems, retrieval systems and similar systems, e-mails, Internet transmissions, electronic bulletin boards, diary systems, calendar systems, tickler systems, and any other programs.

19. "Your employees" shall mean any person employed by you who completed a W-2 and was employed by you, whether full time, part time or temporarily.

20. "Insurance policy" shall mean any type of agreement or insurance policy under which any person or organization may be liable to pay all or part of any judgment which may be entered in this lawsuit or to indemnify or reimburse for the costs or attorneys' fees incurred in being a party to this lawsuit or to indemnify or reimburse for or payments made to satisfy any judgment entered in this lawsuit. "Insurance policy" includes all types of insurance policies including, but not limited to, comprehensive general liability, director and officer, errors and omissions, general liability, bonds, workers' compensation, limited liability, automobile, boiler and machinery, nuclear, fidelity, personal injury, property care, custody and control, contractual liability insurance, commercial blanket bond coverage, employment practices liability, all risk, excess and umbrella. Further, "homeowner's" shall mean and includes, but is not limited to, all insurance policies, and attachments thereto, and other similar documents pertaining to the insurance policy, including, but not limited to, declaration pages, certificates of insurance, exclusions, endorsements, amendments, riders and binders.

## INSTRUCTIONS

1. If any or all documents identified or requested herein are no longer in existence or no longer in your possession, custody, or control because of destruction, loss, or any other reason, identify each and every such document.

2. The definitions listed above are to be construed as broadly as possible to include the most information or documents responsive to the discovery requests propounded herein.

## INSTRUCTIONS REGARDING ANY ALLEGED AMBIGUITY

To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests. If you or your attorney claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification.

## PLAINTIFF'S 1ST REQUEST FOR ADMISSIONS

ADMISSION NO. 1: Admit that Rusty Patterson has been sued in his proper name.
RESPONSE:



ADMISSION NO. 2: Admit that Darren Raines has been sued in his proper name.
RESPONSE:



ADMISSION NO. 3: Admit that Steve McGowin has been sued in his proper name.
RESPONSE:



ADMISSION NO. 4: Admit that Rusty Patterson, was commissioned as a police officer with the rank of Captain with the Andalusia Police Department during the times outlined in the Plaintiff's complaint.
RESPONSE:

ADMISSION NO. 5: Admit that Darren Raines, was commissioned as a police officer with the Andalusia Police Department during the times outlined in the Plaintiff's complaint.
RESPONSE:


ADMISSION NO. 6: Admit that Steve McGowin, was commissioned as a police officer with the Andalusia Police Department during the times outlined in the Plaintiff's complaint.
RESPONSE:


## PLAINTIFF'S 1ST SET OF INTERROGATORIES

INTERROGATORY NO. 1: Please identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories. If more than one person provided the answers or information, please identify the specific Interrogatories answered by each person.
ANSWER:


INTERROGATORY NO. 2: With regard to any witness whom you may call as an expert witness at the trial of this lawsuit through live testimony or by deposition, please identify the expert, and for each such expert, state the following:
  a. The subject matter on which the expert is expected to testify;
  b. The substance of the facts and opinions to which the expert is expected to testify; and
  c. A summary of the grounds for each and every one of the expert's opinions.
ANSWER:


INTERROGATORY NO. 3: If you have an insurance policy or contractual indemnity agreement which could or would respond in whole or in part to the claims of any party to this lawsuit, please identify the name of each carrier, the limits of coverage for each carrier, and for each carrier, state whether the carrier has denied or admitted coverage or is defending under a non-waiver or reservation of rights.
ANSWER:

6

INTERROGATORY NO. 4: Identify all persons known to you, your associates, or your attorneys who have knowledge, directly or indirectly, of any facts relevant to the facts and allegations contained within the Plaintiff's complaint. This interrogatory includes a request for every person having knowledge of any discoverable matter that might reasonably be calculated to lead to the discovery of admissible evidence.
ANSWER:

INTERROGATORY NO. 5: Please identify any documents relevant to any aspect of or issues in this lawsuit that are in the possession of the Defendants in either their personal or official capacities.
ANSWER:

INTERROGATORY NO. 6: If any documents relevant to any aspect of or issues in this lawsuit have been lost, misplaced, or destroyed, please identify fully each such document and describe how it was lost, misplaced, or destroyed.
ANSWER:

INTERROGATORY NO. 7: Identify all statutes, codes, ordinances, policies, rules, and regulations used or relied upon by the Andalusia Police Department to conduct roadblocks or license checks.
ANSWER:

INTERROGATORY NO. 8: If you or your associates have ever talked to the Plaintiff or Plaintiff's agents, servants, employees, friends, partners, or anyone in the employ of the Plaintiff regarding the incident(s) outlined in the Plaintiffs' complaint or have any knowledge, either directly or indirectly, of any statement or admission of any kind

made by the Plaintiffs or anyone acting on Plaintiffs' behalf regarding the incident(s) outlined in the Plaintiff's complaint or any other fact that might be relevant to this lawsuit, please describe the statement and/or admission and the identity of the person who made the statement or admission.
ANSWER:

# PLAINTIFF'S 1ST REQUEST FOR PRODUCTION

## DOCUMENTS TO BE PRODUCED

You are hereby requested to produce the following documents and tangible things as defined under the definitions section of this discovery request at the offices of your attorney for inspection and copying by the opposing attorney within the number of days previously specified in this Request for Production of Documents.

In the alternative, you are requested to mail legible photocopies to opposing attorney. Opposing attorney will pay you the statutory rate for each document copied and mailed to opposing attorney. If the documents to be copied exceed 500, please contact opposing attorney before making any copies.

This request for production does not seek correspondence between you and your attorneys after January 1st, 2008.

**Produce the following documents requested below which are in the actual or constructive possession, custody, or control of you, your officers, directors, employees, accountants, agents, servants, partners, joint venturers, associates, or attorneys:**

REQUEST NO. 1: Please produce the entire personnel file held by the Andalusia Police Department to include training records and internal affair files of Rusty Patterson to include any background investigations.
RESPONSE:

REQUEST NO. 2: Please produce the entire personnel file held by the Andalusia Police Department to include training records and internal affair files of Darren Raines to include any background investigations.
RESPONSE:

REQUEST NO. 3: Please produce the entire personnel file held by the Andalusia Police Department to include training records and internal affair files of Steve McGowin to include any background investigations.
RESPONSE:


REQUEST NO. 4: Please produce copies of all policies, procedures, agreements, or other written documents relating to the conduct, activity, supervision, training and performance of Police Officers who are commissioned as law enforcement officers of the Andalusia Police Department.
RESPONSE:


REQUEST NO. 5: Please produce all cassette recordings, videotapes, or other electronic recordings, and any transcripts of same, of the roadblock, apprenshion and arrest of the Plaintiff on the dates alleged in the Plaintiff's complaint.
RESPONSE:


REQUEST NO. 6: Please produce all cassette recordings, videotapes, or other electronic recordings, and any transcripts of same, of any meeting, conversation or event in which Plaintiff was a participant or a topic of discussion.
RESPONSE:


REQUEST NO. 7: Please produce the most current resume of every expert witness you may call to testify at trial through live or deposition testimony.
RESPONSE:


REQUEST NO. 8: Please produce the most current resume of every expert used for consultation but not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert who you may call to testify at trial through live or deposition testimony, or if any expert who may testify at trial has received any documents from or talked to any consulting expert.
RESPONSE:

9

REQUEST NO. 9: Please produce copies of all correspondence, reports, memorandum and records of the Andalusia Police Department that relate to the allegations contained within the Plaintiff's complaint.
RESPONSE:

REQUEST NO. 10: Please produce copies of radio logs and tapes of radio transmissions that occurred during the roadblocks that were conducted on the dates outlined in the Plaintiff's complaint. Please provide radio number lists of the Andalusia Police Department that reflect the radio numbers assigned to the officers who participated in the roadblocks conducted during the evening of the dates and times alleged in the Plaintiff's complaint.
RESPONSE:

REQUEST NO. 11: Please produce copies of all citizen complaints or internal investigations to include dispositional records for Rusty Patterson, Darren Raines and Steven McGowin held by, investigated or responded to by the Andalusia Police Department to include complaints referred to another agency.
RESPONSE:

REQUEST NO. 12: Please produce copies of all insurance policies described in Interrogatory number three.
RESPONSE:

REQUEST NO. 13: Please produce copies of all documents described in Interrogatory number five.
RESPONSE:

REQUEST NO. 14:   Please produce copies of all documents described in Interrogatory number seven.
RESPONSE:

Done this 30th day of July, 2008 in Crestview, Okaloosa County, Florida.

JAMES R. MURRAY, P.A.

/s/ James R. Murray
James R. Murray, Esq.
Counsel for the Plaintiffs
Florida Bar No: 0299162
420 E. Pine Avenue
Crestview, FL 32536
(850) 682-6165; FAX 682-8343
E-mail:  jrmurray@starband.net

Eric D. Stevenson
WHIBBS RAYBOUN & STONE
105 E. Gregory Sq.
Pensacola, FL  32502
Phone 850-432-HELP
Fax 850-469-0043
eric@whibbsandstone.com

11

12

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 30th, 2008, I mailed/emailed a copy of the foregoing document to James H. Pike, Esq., jpike@scplaw.us , P. O. Box 6346, Dothan, AL 36303-6346

/s/ James R. Murray
James R. Murray